UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) Case No. 1:23-cr-039-TRM-MJD-1 |
| | ) |
| | ) |
| LAFREDRICK DEON SAILS | ) |

## REPORT AND RECOMMENDATION

On January 13, 2025, the Court conducted a plea hearing in this matter pursuant to 28 U.S.C. § 636(b) (the "Hearing"). During the Hearing, Defendant moved to withdraw his not guilty plea to Count One of the two-count Indictment and entered a plea of guilty to the lesser included offense of the charge in Count One of the Indictment—that is, distribution of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (the "Lesser Included Offense")—in exchange for the undertakings made by the Government in the written plea agreement [Docs. 51 (plea agreement) and 52 (supplement to plea agreement) (collectively, the "Plea Agreement")].

On the basis of the record made at the Hearing, the Court finds: (1) Defendant is fully capable and competent to enter an informed plea; (2) Defendant made the plea knowingly and with full understanding of each of the rights Defendant waived; (3) Defendant made the plea voluntarily and free from any force, threats, or promises other than those promises in the Plea Agreement; (4) Defendant understands the nature of the charge and penalties provided by law; and (5) the plea has a sufficient basis in fact.

The Court also addressed at the hearing Defendant's sealed Motion to Remain on Release Pending Sentencing [Doc 58 (the "Motion")] under 18 U.S.C. §§ 3143(a) and 3145(c), to which

the Government has responded in opposition [Doc. 59]. The Plea Agreement reflects Defendant's guilt regarding the Lesser Included Offense, which is undisputedly one of the many identified in 18 U.S.C. § 3142(f)(1)(C). Defendant is therefore subject to the general rule requiring detention in 18 U.S.C. § 3143(a)(2).

There is an exception to this general rule that permits release if two requirements are satisfied: (1) there is a "substantial likelihood that a motion for acquittal or new trial will be granted" or the Government has "recommended that no sentence of imprisonment be imposed" on Defendant; and (2) the Court finds "by clear and convincing evidence that [Defendant] is not likely to flee or pose a danger to any other person in the community." 18 U.S.C. § 3143(a)(2)(B). The Court finds this exception does not apply in this case as, in light of the Plea Agreement, there is no substantial likelihood that a motion for acquittal or new trial will be granted and the Government has not recommended that no sentence of imprisonment be imposed. Therefore, Defendant is subject to mandatory detention under 18 U.S.C. § 3143(a)(2).

Defendant therefore invokes 18 U.S.C. § 3145(c), which requires Defendant: (1) prove, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released in accordance with 18 U.S.C. § 3143(a)(1); and (2) "clearly show[] that there are exceptional reasons why [Defendant's] detention would not be appropriate."

As to the initial showing, the Court finds Defendant was released on conditions on May 5, 2023. Since that time, he has performed admirably in complying with his strict conditions and, with very limited exception, experienced no issues. In fact, on February 23, 2024, the conditions of home incarceration and location monitoring were removed by an agreed Consent to Modify Conditions of Release [Doc. 35]. The Government neither disputes these facts nor offers any evidence or argument other than the existence of the Plea Agreement to suggest Defendant is a

2

flight risk or danger to the community. For these and other reasons set forth during the Hearing, the Court finds Defendant has demonstrated by clear and convincing evidence that he meets the conditions of release set forth in 18 U.S.C. § 3143(a)(1).

Defendant therefore must "clearly show[] that there are exceptional reasons why [Defendant's] detention would not be appropriate." 18 U.S.C. § 3145(c). The Court notes at the outset that, although commendable, Defendant's "compliance with the conditions of release alone is not sufficient to support an exceptional circumstance for release." *United States v. Wise*, No.: 3:20-CR-46-TAV-JEM-2, 2023 WL 4554091, at *3 (E.D. Tenn. July 14, 2023). In his motion and during the Hearing, Defendant argued that his diagnoses stemming from a medical event in the late summer of 2024 have created substantial uncertainty regarding his future health. Yet the record reflects Defendant has been treating his conditions with prescription medication and following the medical advice of his providers without further incident. Further, although he hopes to be able to see his provider in the next several months to refill his prescriptions, Defendant has no follow up appointments currently scheduled with any medical provider. These facts, taken together, reflect the absence of any emergent or unique condition that would constitute an "exceptional circumstance" under 18 U.S.C. § 3145(c).

The Court therefore respectfully **DENIES** Defendant's Motion [Doc. 58] and revokes his bond. Acceptance of Defendant's plea, adjudication of guilt, acceptance of the Plea Agreement, and imposition of sentence are specifically reserved for the District Judge.

Based on these findings, the Court therefore respectfully **RECOMMENDS** the following:

1. Defendant's motion to withdraw his not guilty plea to Count One of the two-count Indictment be granted;

2. Defendant's plea of guilty to the Lesser Included Offense be accepted;

3. The District Judge adjudicate Defendant guilty of the charge set forth in the Lesser Included Offense;

4. The District Judge defer until sentencing a decision on whether to accept the Plea Agreement; and

5. Defendant remain in custody until sentencing in this matter.

ENTER.

s/ *[signature]*
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. §636(b).